### MAYER v. FRIEDMAN.

#### (Supreme Court, Special Term, Kings County.   January, 1900.)

**1. Costs—Supreme Court—Appeal from Municipal Court.**
    Greater New York Charter, § 1367, provides that appeals from judgments of the municipal court of that city shall be taken to the supreme court in the manner prescribed by Code Civ. Proc. §§ 3044, 3067. Section 3044 requires that appeals from justices' courts shall be to the county courts. Section 3067 declares that on affirmance of a judgment appealed from a justice's court to a county court the respondent shall recover $25 costs. Section 3251, subd. 4, provides that on an affirmance of an appeal from an inferior court to the supreme court the respondent shall be entitled to $20 costs before argument, $40 for argument, and $10 term fee for each term the cause was necessarily on the calendar. *Held* that, on affirmance by the supreme court of a judgment appealed from the municipal court of New York City, respondent was entitled to only $25 costs.

**2. Same—Costs—Disbursements—Printed Brief.**
    On affirmance of a judgment appealed from the municipal court of New York City to the supreme court, respondent, on affirmance, is not entitled to disbursements for printing a brief, a printed brief not being required either by law or the rules of court.

Motion by plaintiff for a retaxation of costs on appeal.   Denied. For former opinion, see 60 N. Y. Supp. 969.

Ira Leo Bamberger, for the motion.
W. J. Magee, opposed.

GAYNOR, J.   By section 1367 of the charter of the city of New York appeals from judgments in the municipal court of that city must be taken "in the manner prescribed in articles first and second of title 8 of chapter 19 of the Code of Civil Procedure" (sections 3044–3067, inclusive), but to the supreme court instead of to a county court.   Those sections provide for and regulate appeals and the costs of appeals from justices of the peace to county courts.   The county of New York having no county court, appeals from the municipal court (corresponding to justices' courts) are required to be taken to the supreme court; and this applies to the whole city for the sake of uniformity, although there are county courts in parts of the city, viz., in the counties of Kings, Queens and Richmond.   The said section 3067 of the Code of Civil Procedure provides that the respondent on appeals "provided for in this article" shall on affirmance be entitled to $25 costs, besides disbursements.   The respondent here claims, however, that such provision for costs does not apply, but that this appeal comes under section 3251, which prescribes costs on appeals "to the supreme court from an inferior court," and would give the respondent $20 before argument, $40 for argument and $10 term fee for each term the cause was necessarily on the calendar

of the appellate court. I do not think this can be so. The said section 3067 prescribes the costs for appeals taken under the article of which it is part. That such appeals in the city of New York are taken to the supreme court instead of to a county court does not matter. The costs thereof are prescribed by section 3067 all the same. By changing such appeals to the supreme court for lack of a county court in New York county there was no intention to change the provision in respect of costs. Nor can the respondent tax disbursements for printing a brief. There is no law or rule requiring the briefs on such appeals to be printed.

Motion denied with $10 costs.