EDWARD SIMON, Doing Business under the Firm Name of UNIVERSAL LIQUIDATION Co., Appellant, *v.* MATTEO DELL'OMO, Respondent.

Fourth Department, July 2, 1941.

*Adolph M. Newman*, for the appellant.

*George Essrow*, for the respondent.

CROSBY, P. J.  Plaintiff sued defendant in Buffalo City Court. A jury trial was demanded, and paid for, by defendant.  Upon a verdict, favorable to defendant, judgment was rendered dismissing plaintiff's complaint with $15 costs plus $5 disbursement paid to secure a jury trial.  Plaintiff appealed to the Erie County Special Term of Supreme Court, which reversed the City Court judgment, ordered a new trial in City Court and awarded plaintiff $25 costs and $22.75 disbursements, a total of $47.75 costs to abide the event of the new trial.  Plaintiff appeals from so much of the judgment

as limits his costs to the sum of $47.75, claiming that he should have been allowed $102 according to a bill of costs made up of items such as would be allowed in an action in Supreme Court. Plaintiff's brief does not complain of that feature of the judgment which conditions costs on the event of the new trial.

Plaintiff-appellant bases his contention on the language of the last paragraph ■ of section 48 of the Buffalo City Court Act, which reads as follows: "Upon appeal the appellant upon reversal shall include in his bill of costs and the clerk of the appellate court shall tax the costs and disbursements that he would have been entitled to in this court had the judgment in this court been in his favor in addition to the costs provided for by the Code of Civil Procedure, and shall be entitled to include same in his judgment."

Upon the words, "in addition to the costs provided for by the Code of Civil Procedure," plaintiff claims the right to tax the items of cost provided for in section 1508 of the Civil Practice Act.

In this we think plaintiff is mistaken. In many respects the Buffalo City Court Act is not a work of the finest art, but we think it reasonably clear that section 1508 of the Civil Practice Act, which was formerly section 3251 of the Code of Civil Procedure, is not the section referred to by section 48 (last par.) of the City Court Act. We think the reference is, rather, to section 452 of the present Justice Court Act, which was formerly section 3066 of the Code of Civil Procedure. The reason for this conclusion is found in the wording of section 55 of the Buffalo City Court Act: "Appeals in civil causes may be had from judgments of said court  *  *  * to the Supreme Court, Erie County, upon questions of fact or of law *in the same manner and with the like effect* as appeals are now had by law *to the County Court from Justices' Court judgments*, excepting," etc. (certain exceptions not here material).

It seems clear, therefore, that where section 48 (last par.) of the City Court Act provides for costs to the appellant, on reversal of a judgment against him, and provides that such costs shall be made up of two items, (1) those "that he would have been entitled to in this [the City] court had the judgment in this [the City] court been in his favor," and (2) "in addition to the costs provided for by the Code of Civil Procedure," the costs last mentioned are those provided for by what is now section 452 (subd. 6) of the Justice Court Act, namely, not to exceed thirty dollars and disbursements of the appeal. (See Laws of 1941, chap. 682, § 44, amdg. Buffalo City Court Act, § 48, effective Sept. 1, 1941.) That section also provides

that such costs may be awarded to abide the event. (See *Mayer v. Friedman*, 30 Misc. 364.)

It has not escaped our attention that section 48 (last par.) of the City Court Act makes no provision for awarding costs to " abide the event." However, we think that that section must be read in connection with section 452 (subd. 6) of the Justice Court Act, and that both items of cost provided for by section 48 (last par.) of the City Court Act are to be deemed to be one bill of costs governed by section 452 of the Justice Court Act.

One other matter demands attention. Section 48 (last par.) of the City Court Act provides, as we have already noted, that, in addition to the costs and disbursements provided for by section 452 of the Justice Court Act, plaintiff, on reversal of the judgment of City Court, is entitled to the costs that he would have been entitled to had he been successful in the City Court. Plaintiff claims that the allowance of this last-mentioned item of cost is not discretionary with the Special Term. Plaintiff claims that he has been unjustly deprived of this item amounting to $17.50. We agree with plaintiff that the Special Term had no discretion as to the *amount* of this item, but we think that the Special Term had the discretion of directing that it, as well as the other items of costs, be dependent upon the result of a new trial. And we must assume that the Special Term did not deny to plaintiff the full amount of the costs that he would have been allowed in City Court had he succeeded there; for it gave to plaintiff a total allowance of $47.75 costs, and the disbursements of the appeal were only $22.75. The difference of $25 more than covers the costs to which plaintiff, had he succeeded, would have been entitled to in City Court, and the Special Term was not compelled to award to plaintiff any part of the thirty dollars mentioned in section 452 (subd. 6) of the Justice Court Act.

Reading together section 48 (last par.) of the Buffalo City Court Act, and section 55 of that act, and section 452 (subd. 6) of the Justice Court Act, we reach the conclusion that where, as here, an appeal is taken from the Buffalo City Court to the Special Term of the Supreme Court, and a reversal is had, and a new trial is ordered with costs and disbursements to abide the event, all costs and disbursements, whatsoever, that are granted to the appellant may, in the discretion of the Special Term, be awarded to abide the event. We also conclude that, as to the *amounts*, the Special Term has no discretion but to allow (1) the disbursements of the appeal and (2) the amount of costs in City Court to which appellant would have been entitled had he been successful in that court. We also conclude that, as to the thirty dollars mentioned in section 452 (subd. 6)

of the Justice Court Act, the Special Term has the discretion to allow all, or any part or none thereof.

Apparently this is a test case to settle a matter of doubt that has long existed in Erie county, and the judgment in so far as appealed from should be affirmed, without costs of this appeal to any party.

All concur. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

Judgment so far as appealed from affirmed, without costs.